58 506
130 452
58 506
133 671
58 506
161 355
58 506
157 448
58 506
169 298
58 506
181 542
58 506
183 595
58 506
200 ⁵380

## JAMES AMBROSE

### v.

## HENRY RALEY.

1. RES ADJUDICATA—*township and section lines in the town of Hudson, McLean county, under act of 1867.* Where a bill was filed under the provisions of the act of 1867, for the resurvey and establishing of corners and lines in place of those made by the government surveyors, which had become obliterated, the lines thereby established must be taken and held to be the true and correct lines, as between parties and privies to the decree.

2. BOUNDARIES—*of their extent.* Where a town plat calls for a section line as the boundary of the lots on one side, when that line becomes established it will become the boundary line for that side of the lots.

3. If, however, the plat calls for stakes or other monuments which were beyond the section line, and the person laying out the lots owned the land platted, and the land beyond the section line, then a purchaser of the lots so bounded will acquire title, as against the proprietor of the town, to the monuments designated by the plat.

4. The owner of two quarter sections of land lying adjoining, laid out a town thereon, the plat embracing a portion of each quarter section. Afterwards he caused to be laid out a number of out lots around the original town plat, the surveyor's certificate stating that he "surveyed into out lots and streets the fractional parts" of those two quarter sections, "being a part of each quarter left fractional around the town plat of Hudson." The plat itself made no reference to distance, either as to length or breadth of the out lots, nor did it indicate the quantity of ground they contained, or call for monuments on the east side. It was *held*, that only the remaining portions of the two quarter sections were embraced in the survey of out lots, and that the section line formed their eastern boundary.

5. ADVERSE POSSESSION—*of its requisite duration and character.* Adverse possession, sufficient to defeat the legal title, must be hostile in its inception, and continue uninterruptedly for twenty years. And such possession must be proved, and not left to mere conjecture; and it must be open, and of such a character as to clearly show that the occupant claims the land as his own, exclusively.

APPEAL from the Circuit Court of McLean County; the Hon. JOHN M. SCOTT, Judge, presiding.

Messrs. WILLIAMS & BURR and Mr. O. T. REEVES, for the appellant.

Messrs. KERRICK & ALDRICH, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment brought by appellee, in the McLean Circuit Court, against appellant, for the recovery of a strip of land on the boundary between two tracts, owned by different persons severally.

It appears from the evidence, that the town of Hudson was surveyed into lots in the year 1836. It embraced a part of two quarter sections, referred to in the plat, made and certified to by the surveyor. It seems, that in making the survey and platting the town, the most suitable ground was selected, without reference to the lines of the government surveys, and that a stone was planted as a starting point, and from which the survey was made. The lots are designated, with their width and length, on the plat.

The out lots seem to have been subsequently surveyed and platted in May, 1837, and are described as fractional parts of the two quarter sections which remained outside of the original town plat. It is conceded appellant owns out lots 20 and 21, but the whole controversy is, as to where the east line of these lots is to be found. Appellee claims, that the eastern boundary is the line between sections 27 and 28, while appellant claims the line is several rods east of the section line.

The legislature passed an act, at the session of 1867, authorizing a bill to be filed by any number of the citizens of the township, against the others, to have commissioners appointed to resurvey the township, and establish corners and lines in place of those made by the government surveyors, which had been obliterated, if they ever existed, and thus settle disputes and doubts as to the boundaries of lands owned in the township. A suit was commenced, a decree rendered appointing commissioners, who surveyed and platted the township, which was returned to and approved by the court. By that survey, the section line was established between sections 27 and 28, and appellee contends it is the true boundary line between his

land and appellant's lots; but appellant insists it is not the true line.

Appellant was a party to the decree rendered in that case, and until it is reversed he must be bound by it. The section lines then established must be taken and held to be the true and correct lines, as between parties and privies to the decree. And if, when he purchased these out lots, the plat called for the section line as the boundary on their eastern side, then when it was established it became the line for that side of the lots. If, on the other hand, the plat called for stakes or other monuments, and the person laying out the out lots to the town owned the land platted, and the land eastward of the section line, then appellant acquired title, as against the proprietor of the town, to the monuments designated by the plat. In which mode were these lots described? The surveyor, in his certificate annexed to the plat, says he "surveyed into out lots and streets the fractional parts of the southeast quarter of section 21, and the northeast quarter of section 28, township 25 north, range 2 east, being a part of each quarter left fractional around the town plat of Hudson."

From this certificate, it will be seen that it was the portion of each quarter section that remained unplatted that he had divided into out lots. There is nothing in the certificate which indicates that anything was embraced in these out lots but land within the two quarter sections named, but on the contrary, these lots are expressly limited to the remaining portion of these two quarters. It would do violence to the language of the certificate to hold otherwise; and when the plat itself is examined, we find no reference to distance, either as to length or breadth of these or other out lots, nor is there anything to indicate the quantity of ground they contain; neither do they call for monuments on the east. We must therefore assume, that the section line is the eastern boundary of these lots, and that the survey by the commissioners has established that boundary.

Nor does the proof show continued actual possession of these lots by appellant, and those under whom he claims, for twenty years before this suit was brought. Adverse possession, sufficient to defeat the legal title, must be hostile in its inception, and continue uninterruptedly for twenty years. *Turney* v. *Chamberlain,* 15 Ill. 271. And such possession must be proved, and not left to mere conjecture; and it must be open, and of such a character as to clearly show that the occupant claims the land as his own, exclusively. *McClellan* v. *Kellogg,* 17 Ill. 498. Does the evidence in this case establish these facts? We think not. There is no evidence in the record that there had been open, visible, adverse possession· of these lots continuously for twenty years. Improvements had been made on them, but they were removed, and the lots permitted to lie vacant and unoccupied by any one for a considerable portion of the preceding twenty years. The possession, whatever its character, lacked continuity, and was wholly insufficient to create the bar of the statute. On neither ground, then, has appellant succeeded in establishing title to the strip of ground between the section line and the point east thereof, where he claims the line was run when the plat was made; and failing to establish title, the judgment of the court below is right, and it must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT took no part in the decision of this case.