## JOHAN JOSEPH REUTER

### *v.*

## JOHN STUCKART *et al.*

*Opinion filed October 19, 1899.*

1. EVIDENCE—*deeds over thirty years old at time of trial are "ancient documents."* Deeds more than thirty years old at the date of the trial are "ancient," although less than thirty years old at the date of the commencement of the suit.

2. SAME—*when deed is admissible as "ancient" without proof of its execution.* An instrument is admissible in evidence as an ancient deed, without proof of its execution, when it comes from the custody of the grantee's wife, who held possession under it for a series of years and paid the taxes assessed on the property in the grantee's name, and bears an indorsement showing the recording of the deed at a time more than thirty years before the trial.

3. SAME—*power of attorney in fact who executed ancient-deed presumed valid.* The existence of a valid power of attorney will be presumed in favor of an ancient deed which purports to be executed by an attorney in fact. (*Fell* v. *Young*, 63 Ill. 106, distinguished.)

4. ADVERSE POSSESSION—*widow's possession under statutory rights is not adverse to heirs.* Possession of a dwelling house and land by a widow under her statutory right is not adverse to the heirs.

5. HUSBAND AND WIFE—*husband acquires no interest in wife's land from mere fact of working thereon.* In view of section 8 of the act on husband and wife, (Rev. Stat. 1874, p. 576,) declaring that neither a husband nor wife is entitled to receive compensation for services rendered in the management of the other's property, a husband acquires no interest in the land of his wife from the fact that he has performed labor upon it.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

181—34

The original bill in this case was filed by the appellant, Johan Joseph Reuter, on October 21, 1897; and, a demurrer thereto having been sustained, an amended bill was filed on December 20, 1897, by the appellant against John Stuckart, Susan Foreman, Frank Stuckart, Joseph Stuckart and Henry Stuckart, praying for a setting off and assignment to the complainant in the bill of dower and homestead in the premises therein named, and for a partition of said premises according to the respective rights of all the parties, and for an injunction against the defendants, restraining them from prosecuting a forcible entry and detainer suit theretofore brought against the complainant, and from interfering with his possession of the premises, and for other and further relief.

To part of the amended bill the defendants below filed a plea, and an answer to the residue of the bill. The court held the plea and answer to be sufficient in form, and leave was given to the defendants to file a cross-bill. Thereupon Henry Stuckart and his wife, Tillie Stuckart, and Susan Foreman and her husband, Christian Foreman, filed a cross-bill against the said Johan Joseph Reuter, John Stuckart and Susan Stuckart, his wife, Frank Stuckart and Emma Stuckart, his wife, and Joseph Stuckart and Maggie Stuckart, his wife, praying in said cross-bill for a partition of the premises. Johan Joseph Reuter filed a separate answer to said cross-bill; and all the other defendants, except Johan Joseph Reuter, filed their joint and several answers. Replications were filed to the answers. The cause having come on for hearing, the court rendered a decree in favor of complainants in the cross-bill, and dismissed the amended bill of appellant. The present appeal is prosecuted from the decree so entered.

The amended bill alleges, that Johan Joseph Reuter, a resident of Chicago, married Anna Maria Stuckart on September 24, 1878, and lived with her, as her husband, from that time to the date of her death, on the premises described in the bill, to-wit, lots 35 and 36 in block 4 in

Brown's addition to Chicago; that, at the time of said
marriage, Anna Maria Stuckart was in possession of said
real estate, and had been in possession thereof at least
two years prior to said marriage, and remained in pos-
session thereof up to February 3, 1897, when she died;
that she was in the open, continuous and adverse posses-
sion of said premises, as the owner thereof, for more than
twenty years prior to her death; and that appellant was
informed by said Anna Maria Stuckart, when he married
her, that she was the sole owner of said premises, and
believed that she was such owner when he married her,
and thereafter up to the time of her death. The bill then
alleges the making of certain improvements upon the
premises, to the making of which the complainant con-
tributed money and labor. The bill further alleges that
the complainant and his wife lived upon said lots contin-
uously as husband and wife, from the marriage up to her
death, and occupied the same as a residence and home-
stead, and that complainant has continued to occupy the
same since his wife's death continuously as a homestead
up to the present time, and that since his marriage com·
plainant has paid the taxes upon the property and insur-
ance upon the buildings thereon. The bill further alleges,
that Anna Maria Reuter left her surviving at her death
her husband, the complainant, Johan Joseph Reuter, and
five children, to-wit, her daughter Susan Foreman, wife
of Christian Foreman, and her four sons, John Stuckart,
married to Susan Stuckart, Henry Stuckart, married to
Tillie Stuckart, Frank Stuckart and Joseph Stuckart,
the said five children being her only heirs. The bill al-
leges further, that said five children above named claim
some interest in the premises as heirs and next of kin
of Nicholas Stuckart, and that Nicholas Stuckart at the
time of his death, which occurred about September, 1876,
was the husband of the said Anna Maria Stuckart, who
subsequently became the wife of complainant; that the
records of Cook county, showing the title to the above

premises prior to October 6 and 7, 1871, were destroyed by fire at that time; that appellant has no means of ascertaining in whose name the title to said premises stood at the time of his marriage; that none of the alleged heirs of said Nicholas Stuckart have made claim to any part of said premises from the time of the death of Nicholas Stuckart up to the time of the death of Anna Maria Reuter; that they are estopped from claiming any interest in said premises through neglect; that in April, 1897, said defendants or some of them commenced a forcible entry and detainer suit against complainant to recover possession of said premises and obtained judgment therein, from which appellant appealed to the circuit court of Cook county where said appeal is still pending; that the said John Stuckart for the rest of the heirs has commenced other forcible detainer suits for the possession of the said premises against appellant; that appellant is seventy-six years of age and feeble in health; that said heirs have taken possession of a portion of said premises, and collected rents, and ordered the tenants not to pay complainant their rents, and have ordered complainant to remove from said premises; and that said sons and daughter of said Anna Maria Reuter have refused to set off to appellant his homestead and dower.

The plea and answer of the defendants set up that from 1868 to December 29, 1874, Nicholas Stuckart, *alias* Stockhardt, was the owner of said premises; that at his death he left the widow and children already named, as his only heirs-at-law; that Nicholas Stuckart died intestate; that his title to said premises was derived from a special warranty deed dated April 4, 1868, executed to him by Isaac Buchanan and Agnes Buchanan, his wife; that the widow of Nicholas Stuckart died on February 3, 1897, and that defendants, who are the appellees herein, are now the sole owners in fee of said premises; that Anna Maria Reuter had no other interest therein except her homestead and dower right.

The answer denies that appellant ever paid any money towards building any improvements on the premises, or ever paid any taxes or special assessments on the same. The answer avers that the taxes were paid by Anna Maria Reuter. The answer admits that some work was done by the appellant on improvements constructed on the premises; that he was not able to perform much work, and all the money and nearly all the labor expended on said improvements were furnished by the defendants; that appellant knew that the title to the premises was vested in the defendants subject to the widow's dower and homestead; that, when she died, appellant took possession of all her money and personal property, the money amounting to $799.50. The answer denies that Anna Maria Reuter had any estate of inheritance in the property, or that she and appellant have had possession of the same adversely to the defendants. The answer alleges that defendants were for many years infants, and lived with their mother and step-father harmoniously.

The cross-bill, after setting up the same allegations as those of the answer to the amended bill as above set forth, alleges that Nicholas Stuckart, the father of cross-complainants and of other parties who are defendants thereto, died on December 29, 1874; owning the premises in question, and leaving his widow and heirs as above stated. The cross-bill then states that the said children of Nicholas Stuckart became seized in fee of said premises as his heirs, and owned, each of them, an undivided one-fifth part thereof, subject to the dower of their mother, Anna Maria Stuckart; that such dower was never set apart to the widow, but it was understood between her and her children that she should be allowed a permanent home and the use and occupation of a portion of the premises, and the income thereof, during the remainder of her life, upon condition that she pay all the taxes and assessments thereon, and make all necessary improvements, and keep the premises in good repair; that Anna Maria

Stuckart, afterwards Reuter, with her children, or certain of them, occupied said premises during her lifetime; that she received all the rents, issues and profits arising therefrom, or from her portion thereof, and retained the same to her own use as long as she lived; that said heirs contributed their money, work and labor towards paying the taxes, and improving the premises, and keeping the same in repair; that said complainant has no interest therein. The cross-bill then prays for a partition as above stated.

The answer of the appellant to the cross-bill denies that Nicholas Stuckart was the owner of said premises in his lifetime or at his death, or that, by his death, the parties above named as his children and heirs became the owners in fee as tenants in common by descent from him of said premises. The answer to the cross-bill denies, that said heirs own each an undivided one-fifth of said premises, and denies that any such agreement between the widow and heirs, as is set up in the cross-bill, was made, and denies that the cross-complainants are entitled to a partition.

The decree finds that Nicholas Stuckart was the owner in fee of said premises at the time of his death; that he died intestate on December 29, 1874, leaving his widow and children above named as his only heirs-at-law; that said widow, subsequently married to appellant, died on February 3, 1897; that the allegations in the cross-bill are true, and that partition ought to be made as therein prayed; that said children above named of said Nicholas Stuckart are each entitled to one-fifth of said premises. The decree then directs that a division and partition of said premises be made, and that commissioners be appointed for that purpose.

ARND & ARND, (FRANKLIN B. HUSSEY, of counsel,) for appellant:

Possession, open, visible, actual and continuous, for twenty years or more, and with claim of title against the

world, constitutes absolute title. *Bauer* v. *Gottmanhausen*, 65 Ill. 499; *Turney* v. *Chamberlain*, 15 id. 271; *Carmody* v. *Railroad Co.* 111 id. 69; *Schoonmaker* v. *Doolittle*, 118 id. 605; *Lavalle* v. *Stroble*, 89 id. 370.

A husband, upon the death of his wife, is by law entitled to dower in all her real estate, (Hurd's Stat. 1897, chap. 41, sec. 1,) and also to homestead in such part as is occupied by him as a residence. Ibid. chap. 52, sec. 1.

Deeds more than thirty years old, executed by an attorney in fact, require proof of authority of attorney to execute before they are admissible in evidence. *Tolman* v. *Emerson*, 4 Pick. 160; *Fell* v. *Young*, 63 Ill. 106; 2 Phillips on Evidence, 396, note.

An ancient deed, to be admissible in evidence, must be accompanied by proof of enjoyment or possession, or by other satisfactory proof of its genuineness. Greenleaf on Evidence, (15th ed.) 209, note 1; *Bucklen* v. *Hasterlik*, 51 Ill. App. 141; 155 Ill. 423; *Smith* v. *Rankin*, 20 id. 14.

Facts and circumstances establishing the age of an ancient document as thirty years or more are necessary to its admissibility in evidence. It is not enough that the instrument purports to be ancient. 2 Am. & Eng. Ency. of Law, (2d ed.) p. 330, sec. *d*, and cases cited.

A deed thirty years old is no evidence that the grantor had title to the property mentioned in the deed. Unless the grantor has title, a deed from him only passes semblance or color of title. *Brooks* v. *Bruyn*, 35 Ill. 393.

J. J. HUBBARD, (SAMUEL CLARK, of counsel,) for appellees:

Adverse possession must be actual, visible, exclusive, open and notorious, and retained under claim of title inconsistent with that of the true owner. *Turney* v. *Chamberlain*, 15 Ill. 271; *Riggs* v. *Cook*, 4 Gilm. 336; *McLain* v. *Kellogg*, 17 Ill. 498; *Jackson* v. *Berner*, 48 id. 203; *Ambrose* v. *Raley*, 58 id. 271; *Downing* v. *Mayes*, 153 id. 334; *Gosselin* v. *Smith*, 154 id. 74; *Railway Co.* v. *Galt*, 133 id. 671.

An ancient deed, from proper custody, is admissible in evidence without proof of authenticity. 1 Am. & Eng. Ency. of Law, (1st ed.) 565; 1 Greenleaf on Evidence, (14th ed.) 192.

The existence of a valid power of attorney will be presumed in favor of an ancient deed purported to be executed by an attorney. *Storey* v. *Flanagan,* 57 Tex. 649; *Doe* v. *Phelps,* 9 Johns. 169; *Doe* v. *Campbell,* 10 id. 475; 1 Am. & Eng. Ency. of Law, (1st ed.) 556; *Johnson* v. *Timons,* 50 Tex. 521.

A husband cannot recover for services rendered to his wife. Starr & Cur. Stat. chap. 68, par. 8.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The appellant in this case claims dower and homestead in the premises in controversy as the husband of the deceased Anna Maria Reuter, upon the alleged ground that she was the owner of said premises when she died on February 3, 1897, by reason of having been in possession thereof for more than twenty years preceding her death. Appellant does not deny, that the appellees, who are the children of his deceased wife, are the owners of the premises in question, but he claims that they own the premises as heirs of their deceased mother, subject to his alleged right of homestead and dower therein; and his contention is, that his deceased wife acquired the ownership by reason of an adverse and undisputed possession of the premises for more than twenty years. On the contrary, the appellees claim that they are the owners of the premises as heirs of their deceased father, Nicholas Stuckart, or Stockhardt; that, their father having been the owner in fee of the premises when he died, their mother had no other interest therein than her right of homestead and dower; that her possession after the death of their father was not, and could not be, adverse to them, and that, at her death, she having had nothing more than

a mere life estate, the appellant, her second husband, had no interest whatever in the premises, either of dower or homestead or otherwise. (*Hertz* v. *Buchmann*, 177 Ill. 553).

In order to show title in their deceased father, Nicholas Stuckart, the appellees introduced in evidence an original deed, dated April 4, 1868, executed by Isaac Buchanan and Agnes, his wife, of Hamilton, Canada, as party of the first part, to Nicholas Stockhardt of Chicago, as party of the second part, conveying said lots 35 and 36. This deed upon its face named Isaac Buchanan and his wife as the grantors, but the deed was signed by Isaac Buchanan by Robert Reid, his attorney in fact, and by Agnes Buchanan by Robert Reid, her attorney in fact. The deed was acknowledged on the day of its date before a notary public in Chicago, who certified that Robert Reid was personally known to him as the real person, whose name was subscribed to the deed as having executed the same as the attorney in fact for Isaac Buchanan and Agnes his wife, and that said Reid, as such attorney, appeared before him in person, and acknowledged that he, as such attorney in fact, signed, sealed and delivered said deed as the free and voluntary act of said Isaac Buchanan and Agnes Buchanan, and for the uses and purposes therein set forth. Upon the back of the deed is endorsed a certificate of William L. Church, recorder of Cook county, Illinois, that the deed was recorded in his office on April 4, 1868, in book 439 of deeds at page 543.

When this deed was introduced in evidence upon the trial of the cause, it was more than thirty years old, and must, therefore, be regarded as an ancient deed. It is true that, when the original bill in this case was filed on October 21, 1897, the deed was not thirty years old, but the rule is that documents more than thirty years old at the date of the trial are "ancient," although less than thirty years old at the date of the commencement of the suit. (*Gardner* v. *Granniss*, 57 Ga. 539; *Bass* v. *Sevier*, 58 Tex. 567; 1 Am. & Eng. Ency. of Law, p. 565, note 1). In

*Applegate* v. *Lexington*, 117 U. S. 255, the Supreme Court of the United States say: "The rule is that an ancient deed may be admitted in evidence, without direct proof of its execution, if it appears to be of the age of at least thirty years, when it is found in proper custody, and either possession under it is shown, or some other corroborative evidence of its authenticity, freeing it from all just grounds of suspicion."

In *Whitman* v. *Heneberry*, 73 Ill. 109, we held that deeds more than thirty years old are ancient deeds, and may be admitted in evidence without proof of execution, but that, before they can be so admitted, it must appear that the instrument comes from such custody as to show a reasonable presumption of its genuineness, and that facts and circumstances must be proven, which will establish the fact that the instrument has been in existence the length of time indicated by its date. Some of the authorities differ as to whether it is necessary to show that possession was taken under the deed. It seems to be settled, however, by the weight of authority, that such possession, if necessary to be shown, need not be for the full period of thirty years, but may be for a less period if there are other circumstances tending to show the genuineness of the instrument. In *Whitman* v. *Heneberry*, *supra*, it was said, that endorsements or memoranda upon the deed, when they are of such character as to satisfy a cautious and discriminating mind that they would not be there if the paper were a forgery, have been considered as circumstances indicating that the deed is genuine. It was there said that, if the deed has been on record for over thirty years, that circumstance is a strong fact in favor of its genuineness. Greenleaf in his work on Evidence says, that an ancient deed, that is to say, one more than thirty years old, is presumed to be genuine without express proof of its execution, if it is found in the proper custody, and is free from just grounds of suspicion, and is corroborated by evidence of ancient or modern corre-

sponding enjoyment, or by other equivalent or explanatory proof. In such case, the witnesses to the deed are presumed to be dead, and the deed is presumed to have constituted a part of the actual transfer of the property mentioned in it. (1 Greenleaf on Evidence,—15th ed.— secs. 21, 144).

In the case at bar, the deed introduced was found in the drawer of an old bureau of his wife in a house upon the lots in question by the appellant himself, and taken therefrom and delivered to John Stuckart, one of the appellees and a son of the deceased, Nicholas Stuckart, after the death of Anna Maria Reuter, appellant's wife. Appellant himself says, that the deed had been in the place where it was found, and in the custody of his deceased wife, for more than twenty years, or from the time of their marriage up to the day of her death. Anna Maria Reuter, who had been the wife of Nicholas Stuckart, was married to the appellant on September 24, 1878, and had been in possession of these premises at least two years before said marriage. Counsel for appellant say in their brief, that she had lived on the premises in question for some years prior to her former husband's death. She was in possession of the premises, therefore, under the deed in question for more than twenty-nine years before her death. The endorsement on the back of the deed shows, that it was recorded on April 4, 1868, more than twenty-nine years before her death, and more than thirty years before the trial of the present suit in the court below. (*Quinn* v. *Eagleston*, 108 Ill. 248).

In addition to this, the evidence shows that, for some sixteen or seventeen years beginning with the year 1880 or 1881, Anna Maria Reuter paid the taxes upon these premises, and took the receipts in the name of her deceased husband, Nicholas Stockhardt. She refused to take the receipts in any other name than in the name of her deceased husband, the grantee in the deed already mentioned, and at one time the appellant quarreled with

her, because she insisted upon taking out the receipts in the name of her deceased husband. It thus appears that the deed came from the proper custody; that possession was held under it for a long series of years; that it had upon the back of it an endorsement, showing its record at a time more than thirty years before its production upon the trial; and that the ownership of the grantee in the deed was recognized in the mode in which the taxes were paid. The conclusion from all these various circumstances is irresistible, that the deed was genuine, and that its execution was established by its production without any further proof. The doctrine, that no proof of the execution of an ancient deed is required, is based upon a former requirement, that one or more witnesses should attest the execution of the deed. But, under the statute which existed at the time when this deed was executed, the acknowledgment before a notary public was sufficient proof of its execution, and the attestation of one or more witnesses was not required. It is not contended that there was any defect in the acknowledgment of the present deed, except in the respect hereinafter stated.

The deed appears to have been executed by the grantors therein named by one Robert Reid as their attorney in fact. It is claimed by the appellant that, on this account, the deed should not have been admitted in evidence upon the alleged ground that even a deed more than thirty years old, which is executed by an attorney in fact, is not admissible in evidence without proof of the authority of the attorney to execute the deed. There seems to be some difference of opinion in the text writers, and in the decisions of the courts, as to whether the existence of a valid power of attorney will be presumed in favor of an ancient deed when such deed purports to be executed by an attorney.

The learned author of the chapter on Ancient Documents in the American and English Encyclopædia of Law (vol. 1, p. 566, note 1,) says: "The existence of a

valid power of attorney will be presumed in favor of an ancient deed, purporting to be executed by an attorney." In Phillips on Evidence (vol. 2, marg. p. 471, note 429,) it is said: "A power to execute a deed will, in many instances, be presumed. In most cases, where the deed would be evidence as an ancient deed, without proof of execution, the power, under which it purports to have been executed, will be presumed."

We have examined the cases referred to to sustain the statements made by the foregoing text writers, and find that they support the statements so made. In *Robinson* v. *Craig*, 1 Hill, (S. C. Law) 251, where a deed stated that it was executed under a power of attorney, and was received in evidence as an ancient deed without proof of its execution, it was held that the power need not be produced; and the court there say: "Antiquity and other circumstances dispense with the necessity of any proof by witnesses, of handwriting, when the deed purports to be executed by the grantor personally; and there seems to be no good reason why they should not have the same effect, when it purports to be executed by attorney. The proof of the power would be only one of the facts to make out a due execution."

In *Doe* v. *Phelps*, 9 Johns. 170, it was said: "An ancient deed, with possession corresponding with it, proves itself; and a power of attorney contained in such deed, and necessary to give it validity, or full effect, will equally be embraced by the presumption." In *Doe* v. *Campbell*, 10 Johns. 475, it was said: "The power of attorney under which the title of some of the patentees was conveyed to VanDam, after so great a lapse of time, and such a universal acquiescence in the VanDam title, was to be deemed valid without proof of its execution." (See also *Johnson* v. *Timmons*, 50 Tex. 521; *Storey* v. *Flanagan*, 57 id. 649; *Innman* v. *Jackson*, 4 Greenl. 237; *Tolman* v. *Emerson*, 4 Pick. 160). It has been held that, after an undisputed possession for thirty years of any property, real or per-

sonal, it is too late to question the authority of the agent who has undertaken to convey it, unless his authority is by matter of record. ·(*Stockbridge* v. *West Stockbridge*, 14 Mass. 257; 1 Greenleaf on Evidence,—15th ed.—sec. 21).

Counsel refer to the case of *Fell* v. *Young*, 63 Ill. 106, as being opposed to the view above announced. In that case an ancient deed was produced, which was made by an administrator, and failed to show upon its face that the court, which ordered the sale, had jurisdiction over the parties to be affected by it. The rule there announced is correct, as the power there apparent upon the face of the deed was a public and statutory, and not a private, power. Such cases as that of *Fell* v. *Young* involve the question of jurisdiction of the tribunal ordering the deed to be made, and, in such cases, the power should be shown. But, in a case like the one at bar, the proof of the power is only one of the facts to make out a due execution of the deed, and the due execution of the deed is presumed in the case of an ancient deed in view of the great length of time which has elapsed, and in view of the possession taken, and other acts done under the deed.

We are of the opinion, that the court below committed no error in admitting the deed without proof of the execution of a power of attorney authorizing the attorney in fact to execute it. It was not necessary to prove title back of Nicholas Stuckart, because his title was the common source of title under whom all the parties claimed.

The proof shows quite conclusively, that the widow of Nicholas Stuckart, afterwards the wife of the appellant, was in possession of the premises under and in subordination to the title of her deceased husband, Nicholas Stuckart. An adverse possession for twenty years, which is sufficient to defeat the legal title, must be hostile in its inception, as well as continuous for the whole period of twenty years. (*Ambrose* v. *Raley*, 58 Ill. 506; *Downing* v. *Mayes*, 153 id. 330). It cannot be said that the possession of Mrs. Reuter was hostile in its inception to the title

of her children. Her possession was merely a continuation of the possession of her deceased husband, Nicholas Stuckart, and her conduct while she was in possession shows, that she recognized her tenure as being derived from her deceased husband, Nicholas Stuckart.

Under the statute as it existed when Anna Maria Stuckart, afterwards Reuter, went into possession, her right of possession was defeasible upon the assignment of her dower. In her case, however, dower was never assigned, and her possession continued by consent of the heirs for the term of her natural life. We have held, that the possession by the widow, under her statutory right, of the dwelling house and land is not adverse to the title of the heirs, but is entirely consistent and in harmony with such title. (*Riggs* v. *Girard*, 133 Ill. 619, and cases cited; *Gosselin* v. *Smith*, 154 id. 74). It follows that, in this case, Mrs. Reuter acquired no title by an adverse possession of twenty years.

Our conclusion is, that the appellees acquired title to the property as heirs of their deceased father, Nicholas Stuckart, subject to right of homestead and dower in their mother, and that, when their mother died, appellant had no interest in the property. As to the fact that appellant may have performed some labor for his wife upon the improvements located upon the premises, it may be said that he did not thereby acquire any interest therein. A husband in this State is not entitled to receive any compensation for labor performed or services rendered in the management of his wife's property. (Rev. Stat. chap. 68, sec. 8).

Accordingly, the decree of the superior court of Cook county, dismissing the amended bill, and granting the relief prayed by the cross-bill, was correct; and the said decree is affirmed.                    *Decree affirmed.*