# CHARLESTON

### HOLSTON v. VAUGHAN.

### Submitted June 16, 1914. Decided June 23, 1914.

BOUNDARIES—*Location—Effect of Deeds.*

> A claimant under one of two deeds of different dates, made to different parties, contemplating an eight foot road or passage way between the two lots of land conveyed by them, and each calling for the side of the road next to it, as its boundary line, is limited to the line staked out for him along the side of the road, even though the road may thus be given a breadth of more than eight feet.

(LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Mercer County.

Bill by H. C. Holston against J. T. Vaughan. From decree for defendant, plaintiff appeals.

*Reversed and remanded.*

*Woods & Martin*, for appellant.

*J. W. Hicks* and *R. Kemp Morton*, for appellee.

POFFENBARGER, JUDGE:

This appeal is from a decree refusing a mandatory injunction to the plaintiff, to compel the defendant to remove, from a road between their properties, a fence built thereon by the latter, under the impression that it coincides with his line, and dismissing the bill on final hearing.

The parties have a common grantor, C. E. Hughes, but their deeds are not of the same date. That of Holston, the plaintiff, bears date, Sept. 14, 1907, while defendant's bears date, July 24, 1909. Each conveys a small tract or parcel of land, an acre more or less, and contemplates an eight foot road way between them. Neither deed in terms grants any part of the road. Holston's calls for a stone "in the edge of road right of way," and his line is described as "running with the road right of way N. 43° 44' W. 128.3 feet to a stone." Vaughan's calls for "a stake by the lower side of an eight feet wide road," and describes his lines as running "thence with the lower side of same N. 39° 45' W. 49-7/10 feet to a stake;

thence N. 46° 30' W. 167-3/10 feet to a stake by lower side of the above mentioned roadway."

At the date of the first deed, there was a plainly marked road along the lower side of the lot conveyed by it and, to some extent, graded. Holston built his fence a little above the upper side of this road, and says he did so in order to make his posts secure and an outbuilding on his lot projects about nine inches below the fence, but does not reach the graded and used road.

A short time before the date of the institution of this suit, May, 1911, Vaughan, conceiving his line to be just eight feet from that of Holston and Holston's fence to be on his line, built his fence just eight feet therefrom and partly in the road as graded and used. His deed calls for the lower side of the road and an angular line, but he has built the fence above the lower side of the road and on a straight line, ignoring the stakes set for his own line and relying upon others which he and his grantor say fix the line and limit the boundary of Holston. The Holston deed calls for no stakes on the line of the road way. Its calls are for stones. Vaughan's deed calls for stakes on the lower side of the road and he has nevertheless built his fence without reference to them. He says the surveyor and his grantor, in fixing his line, measured down eight feet from Holston's corner to locate his, but his deed does not call for a stake eight feet from Holston's corner. It makes no reference to Holston's corner, line or land. He started to build his fence on the line staked out for him and in conformity with the calls of his deed, but, discovering a stake which he took to be a corner of Holston and which he says Holston told him was his corner stake, began over again, fixing his corner eight feet from the stake and paralleling Holston's fence. Hughes endeavors to sustain Vaughan's claim by his testimony, but admits departure from the stakes driven for his line, saying; 'I don't think or say that it is on all the stakes or touches all the stakes in Mr. Vaughan's line as put in by the engineer."

It is hardly necessary to say, as matter of law, that Mr. Vaughan's right is conferred and limited by his own deed, and that the stakes set along the lower side of the road define

74 W. Va.

and locate his line. His claim is founded upon the erroneous assumptions that the roadway is limited to eight feet and his grantor conveyed him everything beyond an imaginary line eight feet distant from Holston's line. Neither the surveys nor the deeds were made at the same time, nor does either deed call for, or depend in any way upon, the terms of the other. If the two conveyances properly located leave more than eight feet and a space of only eight feet was contemplated, the excess must be attributed to an error in the survey, for Vaughan's deed clearly limits his boundary to the stakes along the lower side of the road. *Snooks* v. *Wingfield,* 52 W. Va. 441; *Tolley* v. *Pease,* 78 S. E. 111; *Matheny* v. *Allen,* 63 W. Va. 443.

The decree is clearly erroneous and must be reversed and the cause remanded, with directions to enter a decree granting the relief prayed for in the bill.

*Reversed and remanded.*