Lanham v. Bowman.

and entitled to the relief prayed for in its cross-petitions. We find also that the plaintiff took title to the premises with full knowledge of the facts in relation thereto, and in addition to this he was bound, as a matter of law, to know the rights of the party in possession at the time he so took title to the premises in dispute.

The petition will be dismissed and a decree entered for defendant on its answer and cross-petitions as prayed for. Exceptions may be noted.

HOUCK and SHIELDS, JJ., concur.

---

## DEEDS—EVIDENCE—POWERS—WILLS

[Clark (2nd) Court of Appeals, December 28, 1915.]

Ferneding, Kunble and Allread, JJ.

ANNA LANHAM v. E. O. BOWMAN ET AL.

1. **Running of Statute of Limitations not Stopped by Transfer of Property by Ancestor.**

When an interest in realty vests upon the death of the life tenant, the running of the statute of limitations against the assertion hereof is not stopped by the transfer of the property by an ancestor.

2. **Recital in Old Deed of Power of Executrix to Sell to Pay Legacies, Admissible, Original Records being Destroyed.**

A deed made by an executrix almost fifty years ago, containing the recital that the executrix was given full power to convey, but without a specific statement of such power as contained in the will, is competent as evidence of such power, when the original records have been destroyed and the possession of the property has been consistent with the terms of the deed; hence, such proof is sufficient to sustain a title depending upon the existence of such power and casts the burden upon those seeking to impeach it.

3. **Inference of Necessity to Sell Real Estate to Pay Pecuniary Legacies.**

The evidence in this case creates a strong inference that a necessity arose to sell real estate belonging to the testator in order to pay pecuniary legacies and prevents a reversal of the judgment by a reviewing court as against the weight of the evidence.

*Charles Broadwell* and *William H. Cowgill,* for plaintiff in error.

*J. E. Bowman,* for defendants in error.

## ALLREAD, J.

Anna Lanham brought suit in the court of common pleas to recover an interest in certain real estate.

The will of William Honroth, probated in Hamilton county, November 6, 1868, is the common source of title.

The plaintiff, as daughter of Louisa Schmidt, claims as devisee in remainder under the following item:

"Ninth.  After the decease of my said wife the property then unconsumed by her shall be equally divided into two parts, the one part or half I give and devise unto my daughter, Louisa Schmidt during her natural life and after her decease to her child or children forever.  The other half I give and devise to the trustees for the time being of Zions Society (Zions Germania) corner of Bremen and Fifteenth street in said city of Cincinnati," etc.

The defendant claims through mesne conveyance under a fee simple deed, dated July 1, 1869, from Christina Honroth, as executrix of William Honroth, deceased, to J. B. Seegar.

The authority supporting the latter deed is found in item twelfth of the Honroth will, which is as follows:

"Twelfth.  My executor hereinafter named is hereby authorized and empowered in case there should not be a sufficient amount of personal property to pay the legacies above named to sell at public or private sale at not less than two-thirds of its value so much of my real estate as may be sufficient for that purpose and give a good and sufficient deed or deeds therefor and reinvest any surplus and enjoy the income thereof as above stated to the benefit of my said wife."

Christina Honroth, who held the first life estate, died in February, 1877.

Upon her death the devises in item ninth in favor of Louisa Schmidt and the Zion's Society became available.

Louisa Schmidt died on December 23, 1908, and thereupon the devise in remainder to her children ripened into an estate in possession.

J. B. Seegar was joint owner with William Honroth of the real estate in controversy, and the deed of the executrix therefor only purported to convey the undivided half thereof, subject to an existing mortgage which was assumed by J. B. Seegar.

Since July, 1869, J. B. Seegar and his successors in title have held open, peaceable and undisputed possession of the real

Lanham v. Bowman.

estate conveyed until about August 4, 1913, when this action was begun.

Upon the death of Christina Honroth in 1877, the cause of action in favor of the Zions Society under the devise in item ninth arose and the statute of limitations began to run. Such claim is therefore barred by the statute of limitations and the fact of the transfer to plaintiff's ancestor does not affect the running of the statute.

The remaining question therefore relates to the direct devise to plaintiff as to which the cause of action arose upon the death of her mother, December 23, 1908. The plaintiff's title under the devise to her in item ninth not being barred by the statute of limitations would be valid, unless superseded and overthrown by the deed of the executrix.

Practically, therefore, the case turns upon the validity of the last named deed.

The twelfth item of the Honroth will conferred upon the executrix the power of sale upon condition that the personalty was insufficient to pay the pecuniary legacies, amounting to $13,600. The testator had specially provided for the payment of his debts. The debts and costs of administration, under the will as well as the law, would be a charge upon the personalty. The personalty not required to pay debts and other necessary legal charges would next be chargeable with the pecuniary legacies. The will evidently intended to confer upon the executrix the power of sale in case the personalty remaining after the payment of debts and other legal charges was insufficient to pay the legacies referred to.

The validity of the deed therefore rested upon the question as to the sufficiency of the net personalty to pay such legacies.

Preliminarily, the competency of the deed without extrinsic proof as to insufficiency of the personalty is raised.

The deed recites that the executrix had full power to convey; and this, we think, is sufficient without a more specific recital of the power contained in the will. *Bishop* v. *Remple,* 11 Ohio St. 277.

The trial court admitted the deed as an ancient document and as *prima facie* proof of title. There is a contention as to

whether the common law rule in respect to ancient documents is in full force in Ohio. We think the recent case of *Wright* v. *Hull*, 83 Ohio St., 385 [94 N. E. 813], upholds the common law rule in this respect, except that such ancient documents are subject to preliminary proof: (1) of genuineness of signature; and (2) of lawful custody.

Both of these preliminary facts are conceded in the case at bar and we are therefore at liberty to apply the common law rule as to ancient documents.

The deed offered in evidence is clearly proven (1) genuine; (2) ancient; (3) to have been in lawful custody; (4) to have been recognized as a muniment of title; (5) the grantees and successors have been in peaceful possession for more than thirty years; and (6) the records presumably containing material evidence as to the validity of the deed have been destroyed.

Subject to the modification in Ohio of the common law rule as to ancient documents, the following from the case of *Wilson* v. *Snow*, 228 U. S. 217 [33 S. Ct. 722; 57 L. Ed. 807], is applicable:

"The rule that an ancient deed to property in continuous possession of the person producing it proves itself, on the theory that the witnesses are dead and it is impossible to produce testimony showing execution by the grantor, is broad enough to admit without production of power of attorney ancient deeds purporting to have been signed by agents.

"The other necessary facts being present and the possession of the property being consistent with its terms and the original records having been lost, a deed, over forty years old, containing recitals that it was executed by an administrator under power of sale given by order of the court, will be presumed to have been executed in accordance with such recitals." See also, *Reuter* v. *Stuckart*, 181 Ill., 529 [54 N. E. 1014].

In the case of *Haren* v. *Block*, 29 O. C. C. 460 (9 N. S. 328), it was held that a conveyance by an executrix under a power in the will somewhat similar to the one at bar was *prima facie* valid, and that the burden of proof rested upon those assailing the deed.

This case did not involve an ancient document, and if followed would lead to the conclusion that independent of the rule

Lanham v. Bowman.

of ancient documents, the deed would be admissible. We are clearly of the opinion that the court properly admitted the deed of the executrix in the case at bar as evidence, and that without other proof it was sufficient to sustain the defendants' title and to cast the burden of impeaching it upon the plaintiff.

· This brings us to the evidence tending to impeach the power of the executrix to make the deed. The court house records were burned in the year 1884. The devise in favor of Louisa Schmidt, plaintiff's mother, and of the Zions Society, under item ninth, became available in 1877. This was at least seven years before the records were destroyed. No·step to recover the property in controversy was ever taken by Louisa Schmidt, or the Zion Society.

Upon the death of Louisa Schmidt, the plaintiff in 1908 consulted counsel, but did not determine to bring suit until the year 1913. The inventory in the Honroth estate miraculously escaped the fire, and a certified copy is produced. This inventory shows personalty to the amount of about $26,000. There is no showing of record of the debts and costs of administration, nor is there any showing of record of the amount of personalty actually collected. These facts would naturally appear more definitely in the accounts current, which are not available. From the record evidence alone the court would not be justified in impeaching the deed of the executrix.

Charles Schmidt, surviving husband of Louisa Schmidt, was examined as a witness. He testifies that he was familiar with the financial affairs of William Honroth; that said Honroth paid cash for all supplies, was sick but a short time, and left practically no debts. There are circumstances, however, brought out in cross-examination, and also by evidence of the records of the Zions Society which raise a serious question of credibility, and the fact that the witness' wife, Louisa Schmidt, with whom he lived, made no attempt to impeach the deed, nor did the witness himself appear to have ever urged her to recover the property, are quite important circumstances to be considered as to whether in his testimony in the present case, Schmidt is not mistaken. The records of the Zions Society of the payments made upon the pecuniary legacy of $8,000 is quite important. This

was the chief pecuniary legacy for which the real property might be sold. But $3,000 had been paid upon this pecuniary legacy at the time of the execution of this deed, and it appears that only $7,500 of the $8,000 has, in fact, been paid. This raises a strong inference that the personalty was not sufficient to pay the pecuniary legacies.

Upon the question of fact as to the credibility of the witness, Charles Schmidt, and as to the finding of the court upon all the evidence, as to whether there was a deficiency of the personal estate, the court of common pleas, as the trial court, was charged with the first responsibility, and the findings of such court will not be disturbed unless manifestly against the weight of the evidence. *Dean* v. *King*, 22 Ohio St. 134.

We are not convinced that the judgment of the court of common pleas is contrary to the manifest weight of evidence. It therefore follows that the judgment of the common pleas court should be affirmed.

KUNKLE, J., concurs.

FERNEDING, J., not sitting.