A. BASS ET AL. v. E. G. SEVIER ET AL.

(Case No. 781.)

1. ANCIENT INSTRUMENT.— To entitle a power of attorney to be read as an ancient instrument it is not necessary that it should have been thirty years old at the date of instituting the suit in which it is offered as evidence; it is sufficient if it is thirty years old at the time when it is offered in evidence.   That the papers offered did not come from a proper custody, and were not free from suspicion *on their face*, was not made a ground of objection.
2. JUDGMENT AGAINST TENANT IN COMMON.— A judgment rendered against one tenant in common on a plea of limitation is not conclusive on that issue in a subsequent proceeding brought against his cotenant, he not having been made a party to the first suit.

APPEAL from Victoria.   Tried below before the Hon. T. C. Barden.

Action of trespass to try title.   The suit was filed February 13, 1860, by appellants, as the heirs of Phillip Dimmit, against E. G. Sevier and wife, to recover an undivided half interest in two leagues of land granted to Juan Flores and Miguel Manchaca.   Pending the suit the wife of Sevier died, and appellees, her children, claiming in her right, were made parties.

Appellees, who were defendants below, pleaded " not guilty," and. adverse possession for ten years and also for twenty years. They also pleaded in bar a judgment rendered in the district court of Victoria county on the 3d of March, 1859, in favor of E. G. Sevier and wife against one Thomas Holliday. That suit was brought by E. G. Sevier and wife to recover of Holliday, who claimed to be a cotenant with Phillip Dimmit of the two leagues of land now in controversy; but neither Dimmit nor his children were parties to that suit.

Appellants excepted to this plea in bar, but the exception was overruled by the court.

It was admitted that appellees were in possession of the land sued for; that appellants were the heirs of Phillip Dimmit, and that Dimmit died before the institution of this suit. The title relied upon by appellants was as follows.:

1st. A grant for the two leagues, made to Juan Flores and Miguel Manchaca on the 20th of October, 1834, by Jose Jesus Vidauri, commissioner of the colony of Power & Hewitson.

2d. Two powers of attorney to Jose Jesus Vidauri, one from Juan Flores, the other from Miguel Manchaca, bearing date March. 28, 1838.

3d. Deeds from Vidauri to Santiago Serna, dated July 5, 1838.

4th. Deed from Serna to Sutherland & Trapnell, dated February 28, 1840.

5th. Conveyance of one undivided half of the land by Trapnell to Phillip Dimmit, father of appellants, dated June 10, 1840.

The last two deeds had been recorded, one in 1840, the other in April, 1841.

The other half of the tract of land was conveyed by Sutherland to Holliday, and these title papers were produced by Holliday upon the trial of the cause above referred to of Sevier v. Holliday, and remained among the papers of the cause until the trial of this case.

The two powers of attorney to Vidauri and his deeds to Serna were executed in Lampasas, Mexico. It was proved that Vidauri was the commissioner for extending titles in Power & Hewitson's colony, and that his signature to these deeds was genuine.

When the powers of attorney were offered, appellees objected to them upon the ground that there was no proof of their execution by Flores and Manchaca, because they were not thirty years old, and because there was no evidence to raise a presumption of the execution and delivery of these instruments. The same objections, in

substance, were made to the deeds which were subsequently offered by appellants.

The court sustained the objections, excluded the deeds and powers of attorney, and appellants excepted.

The trial was had on March 10, 1876. The court instructed the jury to find for defendants, which they did; judgment accordingly.

*Philips & Lackey*, for appellants.

*A. B. Peticolas*, for appellees.

DELANY, J. COM. APP.— The several assignments of error present but two questions for our consideration:

1st. Did the court err in excluding from the jury the two powers of attorney from Flores and Manchaca to Vidauri and the chain of title down to appellants?

2d. Was there error in the overruling of appellants' exceptions to the plea of former judgment?

Both these questions, we think, must be answered in the affirmative. Counsel for appellees does not deny that these instruments were more than thirty years old when the case was tried, but he presents this view: that they must have been more than thirty years old when the suit was filed, or they cannot be properly called ancient instruments.

This view we cannot adopt. To do so would bring us into conflict with many of our leading cases upon this subject. In the case of Johnson *v.* Shaw, 41 Tex., 428, the missing power of attorney was supposed to have been executed in 1835. The suit was instituted in 1845. A similar state of facts will be found in many other cases in our books, to which we need not refer. This whole subject has been so much discussed in our courts of late, and is so well understood by the profession, as to relieve us of the necessity of further remark upon it in this opinion. We simply refer to a few of the more recent cases and the authorities cited in them. See Johnson *v.* Shaw, 41 Tex., 428, and same case under the style of Johnson *v.* Timmins, 50 Tex., 521. See also Veramendi *v.*.Hutchins, 48 Tex., 531.

The plea of former judgment sets out that on a former occasion E. G. Sevier and wife, the parents of appellees, brought their suit against Thomas Holliday for the land now in controversy; that Holliday was in possession, and claiming as a tenant in common, under the same title now asserted by these plaintiffs; that Sevier

and wife, in support of their title, relied upon the pleas of limitation and non-entry of ten and of twenty years; that upon these issues judgment was rendered for plaintiffs, which judgment was, on appeal, affirmed by the supreme court.

It is enough for us to decide the case as it is presented. Without, therefore, going into a general discussion of the titles by which tenants in common hold, we think that the statute of limitations might be perfectly available to Sevier and wife as against Holliday, and yet be wholly worthless as against these appellants. This question seems to be disposed of by the case of Stovall v. Carmichael, 52 Tex., 384.

Our conclusion is that the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved January 16, 1883.]