# OCTOBER, 1946

KIRBY LUMBER CORPORATION V. SOUTHERN LUMBER COMPANY.

No. A-855. Decided June 19, 1946.
Rehearing overruled October 9, 1946.
(196 S. W., 2d Series, 387.)

152

*John B. Forse, of Newton,* and *Fountain, Cox & Gaines,* and *J. M. Slator, III,* all of Houston, for relator, Kirby Lumber Company.

The Court of Civil Appeals erred in affirming the judgment of the trial court and in failing to render judgment for petitioner for an undivided 52 1/2 acres out of the 160 acres involved in this suit, because respondents, who are privies to the judgment entered in the Pederson case, are, by said judgment, estopped to deny that John B. Lockhart, Sr., matured limitation title to the said 160 acres and under the undisputed evidence petitioner is in privity with that judgment and has acquired title to the undivided 52 1/2 acres out of the 160 acres so acquired by Lockhart. Burton's Heirs v. Carroll, 96 Texas 320, 72 S. W. 581; Branch v. Baker, 70 Texas 190, 7 S. W. 808; Houston Ter. Land Co. v. Westergreen, 119 Texas 204, 27 S. W. (2d) 526.

*K. W. Denman,* of Lufkin, and *A. M. Huffman,* of Beaumont, for respondent.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

John H. Kirby was the common source of title to 160 acres of land in the George Clark Survey in Tyler County. John B. Lockhart, Sr., cultivated this land, or at least a part thereof, for a sufficient period of time to raise the issue of title in him by limitation. After his death all his heirs, except his daughter Mattie Lockhart, and their grantees brought what is known as

the *Pederson* suit against John H. Kirby to recover the land. They claimed title by limitation. In that case the jury found that John B. Lockhart, Sr., had had peaceable and adverse possession of the 160 acres of land for more than ten years. Accordingly judgment was rendered for the plaintiffs in that suit for title to 107 1/2 acres undivided interest in the 160-acre tract. This was all of the 160 acres except the interest which Mattie Lockhart would have owned therein if John B. Lockhart, Sr., had acquired title to the 160 acres by limitation. Plaintiffs therein were awarded a writ of possession to the whole 160 acres. John H. Kirby then quitclaimed his interest in the entire 160-acre tract to the plaintiffs in that suit. Through various conveyances the land so acquired by the plaintiffs in the Pederson suit became vested in the Southern Lumber Company et al, who are defendants in this suit.

Later Mattie Lockhart conveyed her interest in the land, if any she had, to J. A. Mooney, who conveyed the same interest to John H. Kirby, and Kirby conveyed it to the Kirby Lumber Corporation.

Kirby Lumber Corporation brought suit against said Southern Lumber Company et al to recover the 160 acres of land. Plaintiffs in this suit plead title by limitation. Upon the trial of this case Kirby Lumber Corporation sought to establish that John B. Lockhart, Sr., had had peaceable and adverse possession of the land for more than ten years prior to his death, but the jury found against Kirby Lumber Corporation on this issue. Accordingly judgment was for the defendants, and this judgment was affirmed by the Court of Civil Appeals. 192 S. W. (2d) 460.

It is the contention of Kirby Lumber Corporation that since in the Pederson suit the plaintiffs therein took the position and obtained a finding from the jury that John B. Lockhart, Sr., had had peaceable and adverse possession of the 160-acre tract of land for more than ten years prior to his death, their grantees, the defendants in this suit, which involves the title to Mattie Lockhart's interest in the same tract of land, are now estopped to contend otherwise in this case. They therefore insist that the trial court should have rendered judgment for the plaintiff non obstante veredicto.

More specifically, Kirby Lumber Corporation contends that the judgment in the Pederson suit for 107 1/2 acres undivided

interest in the 160-acre tract was arrived at only after taking into consideration the heirship of John B. Lockhart, Sr., and wife, and the conveyances made by such heirs, including Mattie Lockhart, prior to the filing of that suit; that said judgment necessarily affected the whole 160 acres, and was based on the finding of the jury that John B. Lockhart, Sr., had acquired title by limitation to the whole 160 acres; and since plaintiffs in the Pederson suit took the benefit of that judgment, they would be estopped to deny that John B. Lockhart, Sr., acquired title by limitation to the entire 160 acres; and since Southern Lumber Company et al hold title to the 107 1/2 acres undivided interest in the 160-acre tract under plaintiffs in the Pederson suit, they are estopped to deny that John B. Lockhart, Sr., acquired title by limitation to the remaining 52 1/2 acres undivided interest then claimed by Mattie Lockhart and subsequently conveyed by her to the plaintiffs in this suit.

█ It appears to be a recognized principle of law that where, in a former suit, an essential issue of fact has been determined and adjudicated, the judgment therein will estop the parties from relitigating the same issue in a subsequent suit between the *same parties,* even though the subsequent suit is upon a different cause of action. Houston Terminal Land Co. v. Westergreen, 119 Texas 204, 27 S. W. (2d) 526; Stephenson v. Miller-Link Lumber Co. (Com. App.), 277 S. W. 1039; Hanrick v. Gurley, 93 Texas 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330. It is also true that the *protection of such a decision as well as its restrictions* extend not only to the immediate parties to the suit but also to those who stand in privity with them. "Privity, in this connection, means the mutual or successive relationship to the same rights of property; that is to say, all persons are privy to a judgment whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the action, and which accrued subsequent to the commencement of the action." Cain v. Balcom, 130 Texas 497, 109 S. W. (2d) 1044, 1046; 34 C. J. 973, sec. 1391.

█ It is equally well settled, however, that such a judgment is not binding upon those who were not parties thereto or who are not holding in privity thereto. Campbell v. McLaughlin (Com. App.), 280 S. W. 189.

The predecessors in title of the defendants in this suit were parties to the Pederson suit, but Mattie Lockhart, under whom

plaintiffs in this suit claim title, was not a party thereto. Since Mattie Lockhart was not a party to the Pederson suit the judgment in that case was not binding upon her nor her privies. Bass v. Sevier, 58 Texas 567; Read v. Allen, 56 Texas 182; 30 Am. Jur. 951; 34 C. J., p. 973, sec. 1391. Since the judgment in that suit was not binding upon Mattie Lockhart nor those who claim under her, plaintiffs who claim under Mattie Lockhart may not invoke its benefits in their behalf, for a judgment must be mutually binding in order to be available as an estoppel in behalf of either of the parties or their privies in a subsequent suit. Corpus Juris states the rule as follows:

"It is a rule that estoppel must be mutual; and therefore a party will not be concluded, against his contention, by a former judgment, unless he could have used it as a protection, or as the foundation of a claim, had the judgment been the other way; and conversely no person can claim the benefit of a judgment as an estoppel upon his adversary unless he would have been prejudiced by a contrary decision of the case." 34 C. J., p. 988, sec. 1407.

The above rule is abundantly supported by other authoritories. 30 Am. Jur., p. 950, sec. 219; 26 Tex. Jur., p. 211; Horton v. Hamilton, 20 Texas 606; Davis v. First National Bank, 139 Texas 36 (par. 6) 161 S. W. (2d) 467, par. 17; Read v. Allen, 56 Texas 182, 192.

■ It is true that Mattie Lockhart's tenants in common were parties to the Pederson suit, but tenants in common do not claim through or under each other, and there is no such privity between them that a judgment for or agaisnt one of them, affecting title to land, will bind the other. 34 C. J. p. 1013, sec. 1435.

It is also true that the judgment in favor of the plaintiffs in the Pederson suit for 107 1/2 acres undivided interest in the 160-acre tract was based, at least in part, on the findings of the jury and the judgment of the court that John B. Lockhart, Sr., had acquired title to the whole 160 acres by limitation, and the plaintiffs in that suit received the benefit of that judgment. But we do not think this alters the case. Since Mattie Lockhart was not a party to that suit, those who claim under her are in no position to assert the plea of estoppel.

■ Even though Mattie Lockhart, to some extent, received the benefit of the judgment in the Pederson suit, it was not her

suit, and the judgment in the Pederson case would not have constituted an estoppel against either her or Kirby in a subsequent proceeding to recover her interest in the land. In the case of Boone v. Knox, 80 Texas 642, 644, the Court considered a judgment recovered by some of the cotenants for the use and benefit of all of them. The Court there said:

"The defendant Boone alone brings this writ of error and complains that the court erred in adjudging a recovery in favor of the plaintiffs for the benefit of cotenants who were not parties to the suit. The action of the court in the particular complained of is clearly erroneous. It is undoubtedly true that in this State one tenant in common may recover the whole land as against a stranger and that the recovery will inure to the benefit of his cotenants. The rule prevails in most of our States, but is not universal. * * * The true principle would seem, however, to be that each tenant in common is entitled to the enjoyment of the entire premises undisturbed by any one except his cotenants, and therefore it is proper that he should have the right to dispossess a stranger to the title. Because the adverse occupant is dispossessed and because the possesion of one tenant in common is ordinarily deemed the possession of all, one who is not a party to the suit receives the benefit of a recovery by another. It does not follow, however, that for the reason that he indirectly receives the benefit of the recovery it is in any sense his suit, or that as between him and the defendant either of them is estopped by the judgment. Stovall v. Carmichatel, 52 Texas, 383."

This Court had almost the identical question here involved before it in the case of Read v. Read, 56 Texas. 182. In that case Mrs. Walker and one Allen were the joint owners of a tract of land. Mrs. Walker and her husband brought suit against Read and others in trespass to try title to recover the land, and, among other pleas, claimed title to the land by limitation. By an amended petition the plaintiffs alleged that Allen owned a half interest in the land and requested that he be made a party. However, Allen was later dismissed from the suit. Judgment was in favor of the Walkers against Read et al for title and possession of the whole of the land. Later Read brought suit against Allen and the Walkers and others to recover Allen's undivided one-half interest in the land. Allen sought to invoke the judgment in the prior suit as an estoppel to the subsequent suit by Read, but this plea was denied. Among other things, the Court said:

"As regards the rights of those appellant's (Read et al) as against Mrs. Allen, we are of opinion that they are not estopped by the original judgment in favor of Mrs. Walker from contesting either the title or the possession of Mrs. Allen to an undivided one-half of the lands claimed by them respectively.

\*    \*    \*    \*    \*

"Had that judgment, instead of having been rendered in favor of Mrs. Walker, been rendered in favor of Read et al against both Mrs. Walker and Mrs. Allen, it would not be seriously contended that Mrs. Allen would be estopped by it. It is an elementary principle that an estoppel, to be binding, must have been mutual." See same case reported in 66 Texas, p. 20. To the same effect see Allred v. Smith, 135 N. C. 443, 65 L. R. A. 924; Hart v. Moulton, 104 Wis. 349, 76 Am. St. Rep. 881.

We also recognize that the interest, if any, which Mattie Lockhart owned in the land was later conveyed by her through John H. Kirby, one of the parties to the Pederson suit, to the Kirby Lumber Corporation, plaintiff in the present suit. But this alone did not make the plaintiffs in this suit hold title to the Mattie Lockhart interest in privity with the judgment in the Pederson suit. Whatever interest Mattie Lockhart had in the land was outstanding in her at the time of the trial of the Pederson suit. Since she was not a party to that suit, her interest was not affected by that judgment, and the fact that her interest later passed through one of those who had previously been a party to that suit would not make subsequent purchasers of her interest in privity with that judgment. 30 Am. Jur., p. 957; 33 Words & Phrases, p. 802; 26 Tex. Jur. 237.

The Court of Civil Appeals did not err in refusing to enter judgment non obstante veredicto in favor of the plaintiffs. The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered June 19, 1946.

Rehearing overruled October 9, 1946.