**GRANBERRY et al. v. DALLAS et al.**

No. 10059.

Court of Civil Appeals of Texas.
Austin.

July 9, 1952.

Rehearing Denied July 30, 1952.

Polk Shelton, Austin, Yelderman & Martin by Wm. Yelderman, Austin, for appellants.

Crawford Martin, Hillsboro, Jane Sumner, Austin, Alvis & Carssow, C. E. Alvis, Jr., Wm. B. Carssow, Austin, for appellees.

ARCHER, Chief Justice.

This suit was instituted by Owen Dallas and others, appellees herein, against Howard Granberry et al., appellants herein, in trespass to try title, alleging that the plaintiffs were the owners of an undivided interest in a tract of land in the City of Austin, Travis County, Texas, under the several phases of the statutes of limitation, and were ousted on the 4th of April, 1951; the defendant Howard Granberry answered by plea of rés judicata, special exception, general denial, plea of ownership and pleaded the several sections of the statutes of limitation.

Trial was had with the aid of a jury and in response to issues submitted the jury found favorable to the plaintiffs and on the verdict judgment was rendered in favor of plaintiffs for an undivided three-

sevenths interest in the land jointly, and awarded the other four-sevenths to the defendant Howard Granberry.

The appeal is before this Court on ten points assigned as error by the court in the trial of the case. Points numbers one, two and three are directed to evidence; the sufficiency thereof, lack of any evidence, and that the verdict was against the weight and preponderance of the evidence.

It was agreed that the common source of title was Jacob Jackson, and from whom by mesne conveyances the appellant claims title.

The prime question to be determined in a disposition of this appeal is the sufficiency of the evidence to support the jury's finding in its answer to Special Issue No. 1, which is as follows:

"Special Issue No. 1:

"Do you find from a preponderance of the evidence that the Plaintiffs Owen Dallas, John Dallas, George Dallas, Albert Dallas, Elmira Howard, Rosetta Cavanaugh or any one or more of them and those under whom they claim have had peaceable and adverse possession of the land in controversy in this case, cultivating, using or enjoying the same for any continuous period or periods of ten (10) years or longer, from and after the year 1900 prior to the 6th day of April, 1951? Answer 'Yes' or 'No'.

"Answer Yes."

The plaintiffs offered a number of witnesses. Lottie Dallas, widow of John Dallas, through whom the plaintiffs claim title, and who was ninety years old, testified as to her children, as to the tract of land and that she had lived there for more than sixty years; that she helped in the work in the fields in the production of corn, hay, garden, etc. and as to the keeping of cows; that about a year or two after her husband died (1942) Dr. Granberry asked her permission to rebuild the fence; that he has not been back since; that no rent was paid; that the land belonged to John Dallas and that she knew of no other claimant.

Owen Dallas testified that his father and mother lived on the tract, working the fields as long as he could remember, and that he was born in 1894; that as soon as he was old enough he began working in the fields, and continued until 1911 when he went to Williamson County and that during this time he never saw Dr. Granberry on the place.

Roy Dodson, 65 years old, living about five miles from the property, testified that in 1925 he went to the tract of land to look at some cattle that John Dallas had for sale, that the cattle were in the fields and that he had seen John Dallas working the land, and that the general reputation as to the ownership of the place in the community was that John Dallas owned the property.

A number of other witnesses testified as to the use and possession of the premises by John Dallas and to the production and sale of farm products, and that the general reputation as to the ownership of the land was that John Dallas owned it.

The defendant called several witnesses who testified as to the use of the property by the defendant and his predecessors in title, and particularly from 1912 to 1934 through tenants.

No objections were made to the court's charge and no objection or exception was made or taken as to the admissibility of evidence and error here assigned.

It is the contention of appellant that the possession, if any, of John Dallas during his lifetime was never such visible appropriation as to amount to an adverse possession, or to give notice of any visible appropriation, and that the evidence was insufficient to support the findings of the jury.

One of the witnesses for appellant testified that he rented the property from Dr. H. B. Granberry beginning with the year 1912 and ending in 1934 and paid rent in cash or commodity; that John Dallas used a part of the premises by consent. Other witnesses testified as to the usage of the property by appellant and particularly since 1942.

An issue was drawn as to the adverse use and occupancy by the appellees and those through whom they claim title under the provisions of the statute of limitations and the jury having heard the testimony and observed the witnesses resolved the issue in favor of the appellees and the trial judge who also saw the witnesses and heard the testimony too resolved the issue in favor of the plaintiffs by refusing a new trial and by entering judgment on the verdict of the jury, and we do not believe that we should disturb the verdict and judgment since we must consider all evidence favorable to the jury's finding which we believe supports the jury's finding.

The evidence as adduced by appellees as a whole, we believe meets the standard used by the appellate courts in determining whether a verdict is contrary to the overwhelming weight of all of the evidence and would be clearly wrong and unjust. There was drawn a conflict in the evidence and the jury resolved the evidence in favor of the appellees, and we do not think we should disturb the verdict. Choat v. San Antonio & A. P. Ry. Co., 90 Tex. 82, 83, 37 S.W. 319, 2d., 91 Tex. 406, 44 S.W. 69.

In view of the evidence in the record and the physical facts and circumstances surrounding the use, claim and occupancy of the premises there is no serious question but that appellant and his predecessors had notice of the hostile claim of John Dallas and of the appellees, 2 Tex.Jur. § 63, p. 119; Young v. City of Lubbock, Tex.Civ. App., 130 S.W.2d 418.

Appellant's plea of res adjudicata is based upon a judgment entered in cause No. 87,721, in the 126th District Court of Travis County, on the 2nd day of January, 1951, wherein appellant recovered judgment for the title to and possession of the lands in suit as against Isaac and Rosetta Cavanaugh and Lottie Dallas.

Appellant's contention seems to be that this judgment against Lottie Dallas is an adjudication that her deceased husband, John Dallas, had never acquired the land by adverse possession.

We are unable to sustain this contention. If John Dallas owned this land when he died then Lottie Dallas and the other heirs of John Dallas became tenants in common of the land. The judgment against Lottie Dallas and one of the Dallas children was effective to extinguish their interest in the land but it did not affect the claims of the other Dallas heirs who were not parties to that suit. Kirby Lumber Corporation v. Southern Lumber Company, 145 Tex. 151, 196 S.W.2d 387, 169 A.L.R. 174.

The judgment of the trial court is affirmed.