**Vann C. WILSON, Appellant,**

v.

**TIDELANDS CLUB, Garnishee, et al., Appellees.**

**No. 14510.**

Court of Civil Appeals of Texas.

Houston.

March 18, 1965.

Edward R. Baird, Houston, for appellant.

Lew W. Harpold, Hofheinz & James, Houston, for appellee Gene Austin.

COLEMAN, Justice.

This is an appeal from a summary judgment quashing a writ of garnishment. The motion for summary judgment was based on a plea of res adjudicata by reason of the quashing of a previous writ ancillary to the same suit between the same parties.

Appellant is the plaintiff in a pending suit for debt naming Gene Austin as defendant. This is the second of two ancillary garnishment proceedings. By judgment entered January 31, 1964, the first writ of garnishment was quashed. None of the pleadings in this proceeding have been included in the transcript before us. The judgment entered in that cause, No. 632,000–A, was attached to the motion for summary judgment and reflects that the writ issued in Cause No. 632,000–A was addressed to Tidelands Motor Inn, garnishee. It reflects that Tidelands Motor Inn, a proprietorship and garnishee therein, presented a motion to quash the writ of garnishment. The judgment further recites: "* * * and came Tidelands Club, a corporation, appearing herein as garnishee and as a stakeholder of impounded funds in the sum of $1,206.97 and by its attorney for the purpose of presenting its motion to quash said writ of garnishment. * * *" The judgment also recites that Lew W. Harpold, an attorney, appearing specially in the main suit under Rule 120a in behalf of Gene Austin, defendant intervened in Cause No. 632,000–A to present a motion to quash the writ of garnishment.

The judgment further shows that appellant and all of these parties appeared for a hearing and that after considering the pleadings, evidence and arguments of counsel, the court was of the opinion that all of the motions to quash should be granted and that the writ of garnishment *addressed to Tidelands Motor Inn*, garnishee, should be quashed; *that Tidelands Club and Tidelands Motor Inn*, garnishees, should be discharged from said garnishment; that the suit should be dismissed; and that the money temporarily impounded by virtue of the issuance and notice of the writ of garnishment should be released to Gene Austin.

The judgment continued:

"It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that all said motions filed herein to quash plaintiff's writ of garnishment issuing from this Court on November 22, 1963, and addressed to Tidelands Motor Inn, garnishee, be, and the same are hereby in all respects granted.

"It is accordingly ORDERED; ADJUDGED AND DECREED that said writ of garnishment be and it is hereby quashed and stricken; that Tidelands Club and Tidelands Motor Inn, garnishees, be, and they are hereby, discharged from said garnishment; that

the above styled and numbered cause be, and the same is hereby, in all things dismissed as to Tidelands Motor Inn and Tidelands Club, garnishees, and garnishees' attorney's fees in the sum of $100.00 for representation of both garnishees are adjudged against plaintiff together with all other costs in this cause incurred."

■ It is generally true that a judgment in a garnishment proceeding can be rendered only against the party named in the summons. Beggs v. Fite, 130 Tex. 46, 106 S.W.2d 1039.

■ Appellant contends that this rule is not applicable here because the judgment shows that Tidelands Club appeared voluntarily and subjected itself to the jurisdiction of the court. In Harrell v. Mexico Cattle Company, 73 Tex. 612, 11 S.W. 863, the court said:

"In ordinary actions, courts acquire jurisdiction over the persons of defendants, so as to render binding judgments against them by the service of process in the manner provided by law. Service may be waived by express stipulation in writing, or by the voluntary appearance of the party, either in person or by attorney. But we know of no authority for holding in any case that actual knowledge of the existence of a suit or the issuance of a writ will supply the want of service. A defendant may know that a suit has been brought against him, yet he is not bound to take action until he has been duly served with process. * * * A proceeding under a writ of garnishment is not an exception to the rule. On the contrary, the garnishee cannot accept service or voluntarily answer so as to affect the right of the defendant in the original suit or judgment; or that of his creditors. The writ of garnishment takes effect so as to fix a prior claim upon the fund which is sought to be reached, only by the service of the writ in the manner prescribed by law. Until this is done the garnishee cannot be in any manner affected by the suit."

It does not clearly appear from the judgment that Gene Austin, defendant in the main suit, intervened in Cause No. 632,000-A. The recitation that Lew W. Harpold intervened and presented a motion to quash is equivocal since it states that he appeared specially under Rule 120a Texas Rules of Civil Procedure for Gene Austin in the main suit, and does not state that Gene Austin intervened. If in fact Gene Austin intervened in Cause No. 632,000-A, or if the action of his attorney in filing in that action a motion to quash constituted an appearance in the cause, nevertheless it appears on the face of the judgment that the court lacked jurisdiction of the subject matter insofar as it purports to adjudicate questions affecting the fund in the hands of Tidelands Club.

No writ was addressed to or served on Tidelands Club. Appellant could have had no right to the fund in the hands of Tidelands Club belonging to Gene Austin unless the procedure required by the statute granting such a right was followed. Insurance Company of North America v. Friedman, 74 Tex. 56, 11 S.W. 1046; First National Bank v. Guaranty Bond State Bank of Athens, Tex.Com.App., 23 S.W.2d 312.

The question of the exempt nature of the fund held by Tidelands Club could not have been adjudicated in that action since it would have been material only on a showing of a right in the fund on the part of appellant.

In City of Lubbock v. Stubbs, 160 Tex. 111, 327 S.W.2d 411, the Supreme Court said:

"It is only where essential issues of fact have or could have been determined and adjudicated in a former suit,

between the same parties, that the judgment entered therein will estop the parties from relitigating the same issues in a subsequent suit between the same parties. See Kirby Lumber Corp. v. Southern Lumber Co., Tex.Civ.App., 192 S.W.2d 460, affirmed 145 Tex. 151, 196 S.W.2d 387 [169 A.L.R. 174]; Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526."

The voluntary appearance of Tidelands Club in the cause does not make it a garnishee, and the fact that Tidelands Club is designated as a garnishee in the judgment is not conclusive as to its status in the case since the judgment recited that the writ was addressed to Tidelands Motor Inn. The judgment does not recite that Tidelands Club was served with process of any sort, and there is no question of misnomer or idem sonans. Tidelands Motor Inn, a proprietorship, was served, and there is nothing in the record to indicate that it was not the party against which it was intended that the proceedings be instituted.

Reversed and remanded.