Gene C. Steele, et ux., et al v. John B. McDonald, et al
















IN THE
TENTH COURT OF APPEALS
 
 
No. 10-98-042-CV

     GENE C. STEELE, ET UX., ET AL,
                                                                              Appellants
     v.

     JOHN B. McDONALD, ET AL,
                                                                              Appellees
 

From the 77th District Court
Limestone County, Texas
Trial Court # 22-179-A
                                                                                                               

MEMORANDUM OPINION
                                                                                                               

      We find issue number two to be meritorious. The summary judgment is reversed as to the
claims of Gene Steele, Independent Executor of the Estate of William B. Duke, to set aside an
earlier order of dismissal for want of prosecution.


 The motion upon which the summary
judgment was predicated did not address those claims.    See McConnell v. Southside Indep.
Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993).
      We also find issue three to be meritorious. The summary judgment as to the claims of
Gene Steele, individually, and Sally Steele concerning title to the property was erroneously
granted because (1) their claim of title predates the claim of title of the Defendants, (2) the
summary judgment evidence establishes that they were not parties to the earlier litigation upon
which the Defendants base their defense of res judicata, and (3) they do not seek to relitigate
issues decided in the earlier partition suit. See Kirby Lumber Corp. v. Southern Lumber Co.,
145 Tex. 151, 196 S.W.2d 387, 388 (1946).
      The issue asserting that the proceeding concerning the Estate of William B. Duke,
formerly pending in the county court, was improperly consolidated with this proceeding in the
district court is well founded. The purported transfer to the district court was improper
because there was, at that time, no “contested probate matter” pending in the county (probate)
court. Accordingly, the district court had no authority to consolidate this proceeding with the
probate proceeding. Thus, we find issue six to be meritorious.
      We do not reach the first issue challenging the trial court’s jurisdiction to grant a summary
judgment on a bill of review filed by William B. Duke in the earlier partition suit. That suit is
still pending in another court under the original cause number and was not disposed of by this
summary judgment. 
      We do not reach issue number four because of our holding on issue number three. We do
not reach issue number five because it is not necessary to our disposition of the appeal and is
not likely to recur on remand.
      Based on these determinations, we (1) reverse the summary judgment as to the claims of
Gene Steele, Independent Executor of the Estate of William B. Duke against John B.
McDonald, Bobby Reed, Joe Cannon, Cara H. Hughes, Eugene T. McLaughlin, Stanley F.
Swenson, Gene Steele, and Sally Steele; (2) reverse the summary judgment as to the claims of
Gene Steele and Sally Steele against John B. McDonald, Bobby Reed, Joe Cannon, Cara H.
Hughes, Eugene T. McLaughlin, Stanley F. Swenson, Floyd Duke, Jr., and Aurdio Ibarra; (3) 
sever the foregoing claims from all other claims and remand those claims to the trial court for
further proceedings; (4) reverse the order consolidating the probate proceeding entitled “Estate
of William B. Duke” with this proceeding and, upon remand, order the trial court to remand
the probate proceeding to the county court; and (5) affirm the judgment as to Shell Oil
Company, Groesbeck ISD, Limestone County, Richardson, Meier and Associates, P.C., Gwen
J. Hunt, Fry Insurance Agency, Judge P.K. Reiter, Judge Sam Bournias, Judge H.D. Black,
Don S. Caldwell, Jr., The State Bar of Texas, and the State Commission on Judicial Conduct.



 
                                                                         PER CURIAM

Before Chief Justice Davis,
            Justice Vance and
            Justice Gray
Reversed and remanded
Opinion delivered and filed October 25, 2000
Do not publish