# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20159

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2014

Lyle W. Cayce
Clerk

QUASI JACKSON,

Plaintiff - Appellant

v.

DEUTSCHE BANK TRUST COMPANY, as Trustee for Securitized Trust Novastar Mortgage Funding Trust 2007-1; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED; NOVASTAR MORTGAGE, INCORPORATED; NOVASTAR MORTGAGE FUNDING CORPORATION,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1196

Before STEWART, Chief Judge, and JONES and HIGGINSON, Circuit Judges.

PER CURIAM:*

Quasi Jackson appeals the district court's dismissal, on Appellees' Rule 12(c) motions, of his claims as *res judicata*. We review *de novo* a ruling on a 12(c) motion, applying the same standards as a motion to dismiss under

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20159

Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209-10 (5th Cir. 2010). Finding no reversible error of fact or law, we AFFIRM.

This action is the second time that Jackson has sued in Texas state court to prevent foreclosure on his property in Spring, Texas. The first suit began on May 27, 2010, and ended on August 26, 2011, when the state court granted summary judgment against Jackson and dismissed his claims with prejudice. *Jackson v. Deutsche Bank Trust Co., N.A.*, No. 2010-33317 (113th Dist. Ct., Harris County, Tex. Aug. 26, 2011). Jackson filed this action on February 5, 2013, again seeking to stave off foreclosure. This time, Appellees removed to the federal district court and filed motions under Rule 12(c)[1] to dismiss the case as *res judicata.* Jackson's response recited the standards for consideration of a motion to dismiss and complained that discovery was still pending. He did not challenge Appellees' assertion that his claims were *res judicata.* The district court granted the motions. Jackson timely appealed, raising a barrage of arguments.

The single dispositive issue, however, is whether he is precluded from pursuing this lawsuit. In determining whether *res judicata* bars a claim, federal courts "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984). *Res judicata* requires "(1) a prior final judgment on

---

[1] Jackson contends, for the first time on appeal, that the district court should have converted the motion to dismiss into a motion for summary judgment. However, the affirmative defense of *res judicata* may properly be raised on a motion to dismiss. *Terrell v. DeConna*, 877 F.2d 1267, 1270 (5th Cir. 1989); *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952) ("With respect to… res judicata, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss…."). *Accord C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012); *Garcia-Monagas v. De Arellano*, 674 F.3d 45, 50 (1st Cir. 2012).

2

the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *E.E.O.C. v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

The first element is easily resolved. Here, there is a final order by a Texas state district court granting summary judgment against Jackson. Jackson's only challenge on this score is to the sufficiency of the evidence of the prior judgment, a public record of which the district court could take judicial notice.

Privity was also established. In Texas, "all persons are privy to a judgment whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the action…." *Kirby Lumber Corp. v. S. Lumber Co.*, 145 Tex. 151, 154, 196 S.W.2d 387, 388 (1946). The defendant in the first action was Deutsche Bank Trust Company. The defendants here are Deutsche Bank, MERS, and two Novastar entities. In the Promissory Note, MERS was the original nominee for beneficiary Novastar and these parties assigned their interest to Deutsche Bank. Privity can also be established by showing that the parties' "interests can be represented by a party to the action[.]" *Amstadt*, 919 S.W.2d at 653. There is only one interest on the Appellees' side of this case: to the extent MERS and Novastar were proper defendants at all, they are in privity with Deutsche Bank.

Finally, all of Jackson's current claims were or could have been brought in the prior suit. Texas, like this court, employs a transactional inquiry, looking to "whether the same nucleus of operative facts is present…." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007). All of Jackson's claims arise out of his failure to meet his loan obligations and his desire to prevent the lenders from foreclosing on their security interest. Specifically,

No. 14-20159

Jackson challenged before and challenges now the transfer of and authority to enforce the Note and Deed of Trust. The only potential new facts arise from a consent decree that Morgan Stanley entered into with the Federal Reserve Board, under which a mortgage servicer paid Jackson $1,300.[2] Jackson argues that the government investigation of various financial institutions and the resulting consent decree present new facts that defeat a *res judicata* argument. However, the payment to Jackson was based on his classification as a mortgagor who had been denied a loan modification and the consent decree explicitly explains that "payments to borrowers… do[] not in any manner reflect specific financial injury or harm[.]" *In re Morgan Stanley*, No. 12-015-B-HC (Fed. Res. Bd. 2013). The consent decree itself gives Jackson no new cause of action, and none of these facts have any relation to Jackson's dispute with Deutsche Bank and its predecessors and successors. That dispute was fully and finally litigated in 2011.

Jackson also points to the proliferation of claims in this second lawsuit in an attempt to defeat preclusion. These claims are based on the same conduct and facts as the earlier lawsuit and are *res judicata*. *Res judicata* "bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those that were actually tried." *Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1252 (5th Cir. 1991).

For the foregoing reasons, we **AFFIRM** the district court's judgment.

---

[2] Much of Jackson's appellate brief is taken up challenging Appellees' evidence as insufficient for summary judgment, a standard inapplicable here and that Jackson's own evidence of the consent decree fails to meet. Further, the district court is free to take judicial notice of public records – and indeed, should do so to avoid relitigation. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

4