

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00370-CV

Patricia **JACAMAN**,
Appellant

v.

**U.S. BANK, N.A.** as Trustee for Bear Stearns Asset Backed Securities 1 Trust 2044-AC6; and
Nationstar Mortgage LLC d/b/a Mr. Cooper; DOES 1 through 100 Inclusive,
Appellees

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2022CVG000378D1
Honorable Joe Lopez, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: February 14, 2024

AFFIRMED

Appellant Patricia Jacaman appeals the trial court's grant of a summary judgment based on the doctrine of res judicata. Jacaman generally argues res judicata did not preclude her claims. Jacaman also complains the trial judge acted with bias and should have recused himself. We affirm.

### BACKGROUND

This is the third appeal involving appellees U.S. Bank, N.A. as Trustee for Bear Stearns Asset Backed Securities 1 Trust 2044-AC6 ("U.S. Bank"), and Nationstar Mortgage LLC d/b/a

Mr. Cooper's ("Nationstar") (collectively, "Appellees") foreclosure on real property ("the Property") acquired by Patricia's brother, Eduardo Jacaman. *See generally Jacaman v. Nationstar Mortgage, LLC* (*Jacaman I*), No. 04-17-00048-CV, 2018 WL 842975 (Tex. App.—San Antonio Feb. 14, 2018, no pet.) (mem. op.); *Jacaman v. Nationstar Mortgage, LLC* (*Jacaman II*), No. 13-20-00201-CV, 2021 WL 1134313 (Tex. App.—Corpus Christi–Edinburg Mar. 25, 2021, no pet.) (mem. op.).

Eduardo obtained a loan in the amount of $485,300 that was secured by a lien on the Property. *See Jacaman I*, 2018 WL 842975, at *1. After several transfers, the note was acquired by U.S. Bank and Nationstar was appointed as the mortgage servicer. *Id.* At some point, Eduardo defaulted on the loan. On March 4, 2014, Nationstar auctioned the property at a non-judicial foreclosure sale as permitted by the deed of trust. *Id.*; *see also* TEX. PROP. CODE ANN. § 51.0025 (providing a mortgage servicer may administer a non-judicial foreclosure on behalf of the mortgagee). U.S. Bank purchased the property at the foreclosure sale.

On April 7, 2014, Eduardo sued Nationstar for wrongful foreclosure, breach of contract, promissory estoppel, and negligence based on Nationstar's alleged failure to provide proper notice of default, acceleration, and foreclosure. *Jacaman I*, 2018 WL 842975, at *1. Jacaman also asserted an unjust enrichment claim alleging the property's purchase price at the non-judicial foreclosure sale was inadequate. *Id.* Nationstar filed no-evidence and traditional motions for summary judgment on all causes of action and the trial court granted summary judgment on November 1, 2016. *Id.* Eduardo appealed the judgment to this court. *Id.* We affirmed the trial court's judgment on Eduardo's claims for wrongful foreclosure, promissory estoppel, negligence, and unjust enrichment. *Id.* at 8. We reversed and remanded on Eduardo's breach of contract claim. *Id.* In April 2020, Eduardo appealed a subsequent final summary judgment on the breach of contract claim. *See Jacaman II*, 2021 WL 1134313, at *1. Eduardo died on October 30, 2020.

On March 25, 2021, the Corpus Christi Court of Appeals dismissed the second appeal for want of prosecution.[1] *Id.*

According to Patricia, she is Eduardo's sole heir. On March 29, 2022, Patricia sued to quiet title asserting Appellees wrongfully foreclosed on the property.[2] Appellees filed a motion for summary judgment arguing Patricia's suit is barred as a matter of law by res judicata and collateral estoppel. Patricia filed a response without any supporting evidence. On June 17, 2022, the trial court granted summary judgment concluding Patricia's claim is barred by res judicata, and she has failed to raise a genuine issue of material fact. The trial court dismissed Patricia's claim with prejudice. Patricia appeals.

## STANDARD OF REVIEW

We review a trial court's ruling on a summary judgment motion de novo. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). To prevail on a traditional summary judgment motion, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). In reviewing a trial court's summary judgment ruling, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Knott*, 128 S.W.3d at 215.

---

[1] This appeal was transferred to the Thirteenth Court of Appeals in Corpus Christi pursuant to a docket equalization order issued by the Supreme Court of Texas. *See Jacaman II*, 2021 WL 1134313, at *1 n.1; TEX. GOV'T CODE ANN. § 73.001.

[2] Patricia named Eduardo as a plaintiff in the suit and asserted her own right to sue as the sole heir and beneficiary of Eduardo's estate.

## DISCUSSION

Because Patricia is acting pro se on appeal, we liberally construe her brief. *See Wheelock v. Kerr Cnty.*, No. 04-22-00349-CV, 2023 WL 2144301, at *2 (Tex. App.—San Antonio Feb. 22, 2023, no pet.) (mem. op.). Nevertheless, "a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). "[I]t is the appellant's burden to discuss [her] assertions of error, and we have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Neira v. Scully*, No. 04-14-00687-CV, 2015 WL 4478009, at *1 (Tex. App.—San Antonio July 22, 2015, no pet.) (mem. op.) (internal quotation marks omitted). "[W]e cannot speculate as to the substance of the specific issues appellant claims we must address." *Strange*, 126 S.W.3d at 678. "An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review." *Id.*

Although Patricia lists ten issues in the "Issues Presented" section of her brief, she only argues: (1) the trial court erred by granting summary judgment on res judicata grounds; and (2) the trial court should have recused itself. We construe Patricia's brief to raise only these two issues. To the extent Patricia failed to properly brief her other listed issues, she has waived appellate review of those issues. *See Jacaman I*, 2018 WL 842975, at 1 n.1; *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 839 (Tex. App.—Dallas 2014, no pet.) ("Issues raised on appeal, but not briefed, are waived.").

## RES JUDICATA

Patricia argues the trial court erred when it granted summary judgment on res judicata grounds. Patricia contends her claim should not be precluded because she acquired newly-discovered evidence after she investigated and researched title and real property documents that

were not discovered by Eduardo when he pursued his claims. Patricia also argues she initiated her suit only after she received a payoff statement from Nationstar in the amount of $1,107,638.51.[3] According to Patricia, her claim is not precluded because U.S. Bank did not extinguish the debt when it foreclosed on the property and "Eduardo's civil action from 2014[] could not have contemplated the borrower or his family being billed for a foreclosure wherein there had been a sale under power."[4]

"The doctrine of res judicata, also known as claim preclusion, bars lawsuits that arise out of the same subject matter as a prior suit when, with the use of diligence, that subject matter could have been litigated in the prior suit." *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). "The doctrine is necessary to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Id.* (internal quotation marks omitted). "Res judicata requires proof of three elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022) (internal quotation marks omitted). "The party asserting the defense of res judicata has the burden of proving each element of the defense." *Eagle Oil & Gas Co.*, 619 S.W.3d at 706.

1. *Prior Final Judgment*

The first element of Appellees' res judicata defense is a prior final determination on the merits by a court of competent jurisdiction. *Martin*, 645 S.W.3d at 225. Appellees attached as

---

[3] Appellees explained at a hearing that the last payment on the Property was made on January 1, 2010. The loan has continued to accrue interest, and Appellees have paid the property taxes and insurance on the property since 2010.

[4] It appears that Patricia has confused the payoff statement with a bill and believes she, as Eduardo's heir, owes U.S. Bank the remaining balance on the loan. Regarding the debt remaining after foreclosure, Appellees stated at a hearing that the mortgagee, U.S. Bank, purchased the Property at the auction and held it until there was finality to Eduardo's litigation. Now, U.S. Bank seeks to market and sell the Property to recoup some of its losses.

summary judgment evidence Eduardo's first amended petition asserting claims for breach of contract, wrongful foreclosure, promissory estoppel, negligence, and unjust enrichment filed in the 49th Judicial District Court in Webb County, Texas under cause number 2014-CVF-000650-D1. Patricia does not dispute that Eduardo filed that suit nor does she contest the trial court rendered summary judgment on all of Eduardo's claims in 2016. *See Jacaman I*, 2018 WL 842975, at *1 ("On November 1, 2016, the trial court signed orders separately granting Nationstar's requests for traditional and no-evidence summary judgment."). Eduardo appealed the trial court's 2016 summary judgment orders to this court. *Id.* On February 14, 2018, we affirmed the summary judgment orders on Eduardo's wrongful foreclosure, promissory estoppel, negligence, and unjust enrichment claims. *Id.* at *5–7. We reversed the summary judgment orders on Eduardo's breach of contract claim and remanded the cause for further proceedings. *Id.* at *7–8.

Subsequently, on March 3, 2020, the trial court in cause number 2014-CVF-000650-D1 rendered a final summary judgment dismissing with prejudice Eduardo's remaining breach of contract claim. Appellees attached as summary judgment evidence the trial court's March 3, 2020 final summary judgment in that cause.[5] The summary judgment orders in Eduardo's suit were final determinations on the merits from a court of competent jurisdiction and were signed before Patricia filed the underlying suit on March 29, 2022. *See Alanis v. U.S. Bank Nat'l Ass'n as Tr. to Bank of Am., Nat'l Ass'n*, No. 04-21-00021-CV, 2022 WL 3907925, at *3 (Tex. App.—San Antonio Aug. 31, 2022, pet. denied) (mem. op.). Thus, Appellees satisfied the first res judicata element as a matter of law.

---

[5] Although Eduardo appealed the trial court's 2020 summary judgment order, "Texas law affords final judgments res judicata effect even during the pendency of an appeal." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 516 n.7 (Tex. 2014). Regardless, the appeal of the 2020 summary judgment order was ultimately dismissed for want of prosecution on March 25, 2021. *See Jacaman II*, 2021 WL at 1134313, at *1.

*2. Identity of Parties or Those in Privity*

The second element of Appellees' res judicata defense is an identity of parties or those in privity with them. *Martin*, 645 S.W.3d at 225.

"Generally people are not bound by a judgment in a suit to which they were not parties." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). "The doctrine of res judicata creates an exception to this rule by forbidding a second suit arising out of the same subject matter of an earlier suit by those in privity with the parties to the original suit." *Id.* at 652–53. "The purposes of the exception are to ensure that a defendant is not twice vexed for the same acts, and to achieve judicial economy by precluding those who have had a fair trial from relitigating claims." *Id.* at 653.

"Privity turns on the circumstances of the case." *FFGGP, Inc. as Tr. of Windward Trace 9131 Land Tr. v. MTGLQ Invs., LP*, 646 S.W.3d 30, 37–38 (Tex. App.—San Antonio 2022, no pet.). "People can be in privity in at least three ways: (1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Amstadt*, 919 S.W.2d at 653. "Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation." *Id.*

Here, Patricia is in privity with Eduardo because—as Eduardo's alleged sole heir—she is a successor in interest to Eduardo's interest in the Property and she derives her claims to the Property through him. *See Heirs v. Bouligny*, No. 13-08-00566-CV, 2009 WL 781860, at *5 (Tex. App.—Corpus Christi–Edinburg Mar. 26, 2009, pet. denied) (mem. op.) (holding heirs were in privity with decedent when they sought to adjudicate rights they obtained through the decedent); *see also Amstadt*, 919 S.W.2d at 653 ("As a matter of law, the [plaintiffs in the second suit] were in privity with the [plaintiffs in the first suit] because they succeeded to the rights of property in

the homes."); *Mallia v. Vill. Place Comty. Ass'n*, No. 14-06-00004-CV, 2006 WL 3486869, at *3 (Tex. App.—Houston [14th Dist.] Dec. 5, 2006, no pet.) (mem. op.) ("Privity, in this connection, means the mutual or successive relationship to the same rights of property . . . ." (quoting *Kirby Lumber Corp. v. S. Lumber Co.*, 196 S.W.2d 387, 388 (Tex. 1946))).

Nationstar was a party to Eduardo's suit and this element is clearly satisfied as to it. *See FFGGP, Inc.*, 646 S.W.3d at 38. Finally, U.S. Bank is in privity with Nationstar because they share an identity of interest in enforcement and foreclosure under the deed of trust and the foreclosure sale of the Property.[6] *See id.* (holding mortgagee and mortgage servicer were in privity for res judicata purposes because they shared an identity of interests in the legal rights that are the subject of the litigation); *Porterfield v. Cenlar FSB*, No. 05-14-00663-CV, 2016 WL 1019359, at *5–6 (Tex. App.—Dallas Mar. 15, 2016, no pet.) (mem. op.) (same); *see also U.S. Bank Nat'l Ass'n v. Lamell*, No. 4:19-cv-2402, 2021 WL 954848, at *4 (S.D. Tex. Jan. 18, 2021), *adopted by* 2021 WL 951881 (S.D. Tex. Mar. 11, 2021) ("The relationship between a mortgagee/mortgage holder and mortgage servicer establishes privity needed for res judicata."). Accordingly, this element is satisfied as to all parties.

### 3. Claims that Could Have Been Raised in the First Action

To satisfy the third element of its res judicata defense, Appellees were required to show that Patricia's claim could have been raised in Eduardo's suit. *Martin*, 645 S.W.3d at 225.

"To determine whether a claim could have been raised in a prior suit, we use a 'transactional approach to res judicata, which requires claims arising out of the same subject matter to be litigated in a single lawsuit.'" *Alanis*, 2022 WL 3907925, at *3. (quoting *Hallco Tex., Inc. v. McMullen County*, 221 S.W.3d 50, 58 (Tex. 2006)). To determine the scope of the "subject

---

[6] Patricia does not dispute Nationstar is U.S. Bank's mortgage servicer.

matter" or "transaction" of the prior suit, we examine the factual basis of the claim or claims in the prior litigation and analyze the "factual matters that make up the gist of the complaint." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007); *Alanis*, 2022 WL 3907925, at \*3. This should be done pragmatically, giving due consideration to "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Daccach*, 217 S.W.3d at 449. "Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Id.* "If the second plaintiff[] seek[s] to relitigate the matter which was the subject of the earlier litigation, res judicata bars the suit even if the second plaintiff[] do[es] not allege causes of action identical to those asserted by the first." *Amstadt*, 919 S.W.2d at 653.

Here, the subject matter of Patricia's suit to quiet title arises from her contention that Appellees wrongfully foreclosed on the Property in March 2014. Appellees attached as summary judgment evidence the live pleading from Eduardo's suit showing Eduardo sued Nationstar for wrongful foreclosure, breach of contract, promissory estoppel, negligence, and unjust enrichment. Although Patricia asserts a quiet title claim—which was not asserted in Eduardo's suit—both Eduardo's and Patricia's suits contend Appellees failed to comply with the terms of the deed of trust and its contractual and statutory obligations. Both suits sought to reverse the foreclosure and obtain clear title to the property. Thus, the two suits arise from the same set of facts and share the same subject matter and are therefore part of the same transaction. Patricia essentially argues the discovery of new evidence following her investigation and research into the title of the Property, and her receipt of the payoff statement, formed a new transaction. We disagree. Rather, this purported evidence relates back to the foreclosure that prompted Eduardo's original suit for wrongful foreclosure and is a continuation of the transaction that prompted that suit. *See Daccach*,

217 S.W.3d at 449 ("[A] final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose.").

In her summary judgment response, Patricia failed to explain or attach evidence showing Eduardo could not have discovered the "new evidence" Patricia claims to have discovered, nor does she show why Eduardo could not have brought a quiet title claim when he filed suit in 2014. Because the facts asserted in Patricia's suit to quiet title are related in time, space, origin, and motivation, and Eduardo could have brought suit to quiet title in April 2014—after Appellees foreclosed on the Property—Appellees satisfied the third res judicata element in their motion for summary judgment.

Appellees established their res judicata defense as a matter of law and Patricia did not attach any evidence to her summary judgment response that would negate Appellees' entitlement to judgment as a matter of law based on res judicata. Therefore, the trial court did not err when it granted summary judgment dismissing Patricia's suit with prejudice.

Accordingly, this issue is overruled.

## RECUSAL

Patricia generally argues the trial judge acted as the "de facto lawyer" for Appellees because, in her opinion, the trial judge heavily favored Appellees in two hearings. Thus, Patricia argues the trial judge should have recused himself from the case.

A party who fails to file a motion that complies with Rule 18a of the Texas Rules of Civil Procedure waives the right to complain of a judge's refusal to recuse himself. *Cluck v. Arlitt*, No. 04-03-00642-CV, 2004 WL 1054967, at \*4 (Tex. App.—San Antonio May 12, 2004, pet. denied) (mem. op.) (citing *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998)); *see also Wheelock*, 2023 WL 2144301, at \*4 (alterations omitted) ("When a party fails to comply with the requirements of Rule 18a(a), he waives his right to complain of a judge's failure to recuse

himself."). "In a similar manner, a trial court's obligation to either recuse himself or refer the motion to the presiding judge of the administrative judicial district never comes into play unless and until a timely motion to recuse is filed." *Cluck*, 2004 WL 1054967, at *4 (internal quotation marks and alteration omitted). Here, the record does not reflect that Patricia filed a motion to recuse the trial judge. Therefore, she has waived this issue on appeal.

Accordingly, this issue is overruled.

## CONCLUSION

We affirm the trial court's judgment.

Irene Rios, Justice